**B.K. HOPE, Appellant,**

v.

**VILLAGE OF LAGUNA VISTA,
Texas, Appellee.**

No. 13–86–380–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 6, 1986.

Rehearing Denied Dec. 18, 1986.

B.K. Hope, pro se.

R. Lee McGowan, Brownsville, Randell W. Friebele, Friebele & Mardis, Harlingen, for appellee.

Before SEERDEN, KENNEDY, and DORSEY, JJ.

OPINION

SEERDEN, Justice.

Appellant, a resident of the Village of Laguna Vista, challenges the authority of the Village, a general law city, to use funds from a Public Improvement District to dredge a boat channel in the Laguna Madre within the extraterritorial jurisdiction of the Village but outside its city limits. The trial court issued a declaratory judgment on an agreed statement of facts, ruling that the Village could assess residents for maintenance dredging the channel. We reverse and render.

Although appellant has raised six points, the case turns on the statutory construction discussed under points four, five, and six. Appellee has claimed authority to assess for the dredging under Tex.Rev.Civ. Stat.Ann. art. 1269j–4.12 § 5 (Vernon 1963) and under Tex.Rev.Civ.Stat.Ann. art. 1187e (Vernon 1963).

 Cities possess only the powers and privileges conferred on them by law. *Payne v. Massey,* 196 S.W.2d 493, 495 (Tex. 1946). A city cannot exercise its powers outside its limits without express statutory authority, unless the power is reasonably

incident to those expressly granted. *City of Austin v. Jamail*, 662 S.W.2d 779, 782 (Tex.App.—Austin 1983, writ dism'd); *City of Sweetwater v. Hamner*, 259 S.W. 191, 195 (Tex.Civ.App.—Fort Worth 1923, writ dism'd). Furthermore, doubts about the existence of a power are resolved against a city. *City of West Lake Hills v. Westwood Legal Defense Fund*, 598 S.W.2d 681, 683 (Tex.Civ.App.—Waco 1980, no writ). The court must examine the entire statute and construe it as a whole. *Id.* at 684. One provision will not be given a meaning inconsistent with or out of harmony with other provisions, though it might be susceptible to such construction if standing alone. *Id.*

Tex.Rev.Civ.Stat.Ann. art. 1187e Section 1.(a) does expressly authorize cities located on or connected with the Gulf of Mexico to build canals or channels. However, the statute only authorizes the funding of these projects by negotiable revenue bonds or by loans and grants. The statute does not authorize assessing residents for canals or channels. Additionally, Section 6.(c) of the article mandates that all projects authorized by the article "shall be within the corporate limits of such city." Thus, the Village cannot rely on art. 1187e.

■ The Village argues that Tex.Rev. Civ.Stat.Ann. art. 1269j–4.12, titled the Public Improvement District Assessment Act, authorizes financing of the extraterritorial dredging. The statute allows a city government to assess on projects and/or services that "confer a special benefit on a definable part of that city" based on the benefit conferred. Under Section 2.(b), the statute states that a public improvement may include:

(1) landscaping; the erection of distinctive lighting and signs; the improvement, widening, narrowing, closing, or rerouting of streets or sidewalks; drainage improvements; the construction or improvement of pedestrian malls; the establishment or improvement of parks; the erection of fountains; the acquisition and installation of articles of art; and the acquisition, construction, or improvement of off-street parking facilities;

(2) other improvements similar to those described in Subdivision (1) of this subsection;

(3) the acquisition of real property in connection with an authorized improvement;

(4) special supplemental services for improvement and promotion of the district, including but not limited to advertising, promotion, health and sanitation, public safety, security, business recruitment, development, recreation and cultural enhancement; and

(5) expenses incurred in the establishment, administration, and operation of the district.

The Village analogizes the channel to a street under (b)(2). However, nothing suggests that a street improvement financed through assessment may be located outside of the city limits. We hold that the Village has no authority to finance the dredging of a channel outside of the city limits by assessing property owners in a public improvement district. We sustain appellant's points 4–6 and do not find it necessary to discuss points 1–3.

We REVERSE the judgment of the trial court and RENDER that assessments for the channel dredging are void.