

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 10, 2016

The Honorable Drew Darby
Chair, Committee on Energy Resources
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0086

Re: The effect of section 113.054 of the Natural Resources Code on a political subdivision's authority to adopt ordinances relating to the liquefied petroleum gas industry (RQ-0073-KP)

Dear Representative Darby:

You ask five questions about the effect of section 113.054 of the Natural Resources Code on a political subdivision's authority to adopt ordinances relating to the liquefied petroleum gas industry.[1] The industry is regulated by the Railroad Commission (the "Commission"), which administers and enforces the state's laws relating to liquefied petroleum gas ("LPG") pursuant to chapter 113 of the Natural Resources Code (the "LPG Code"). TEX. NAT. RES. CODE § 113.011. The LPG Code generally directs the Commission to adopt rules and standards, or both, "relating to any and all aspects or phases of the LPG industry that will protect or tend to protect the health, welfare, and safety of the general public." Id. § 113.051; see also id. § 113.052 (specifying that the Commission may adopt by reference certain national published codes as "standards" for various LPG-related purposes). In 2011, the Legislature adopted section 113.054, which provides that these rules and standards "preempt and supersede any ordinance, order, or rule adopted by a political subdivision . . . relating to any aspect or phase of the liquefied petroleum gas industry." Id. § 113.054. Section 113.054 does, however, permit a political subdivision to petition the Commission for "permission to promulgate more restrictive rules and standards only if [it] can prove that the more restrictive rules and standards enhance public safety." Id.

You bring to our attention two separate home-rule city ordinances, which you assert exist "contrary to the plain meaning" of section 113.054. Request Letter at 2. You tell us that neither of the home-rule cities has petitioned the Commission for permission to enact or continue these ordinances in effect. Id. at 2–3. Absent such permission, you assert, the Commission's rules and standards "preempt and supersede" the ordinances at issue. Id. at 2. Given the arguments each

---

[1]See Letter from Honorable Drew Darby, Chair, House Comm. on Energy Res., to Honorable Ken Paxton, Tex. Att'y Gen. at 3–4 (Nov. 12, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs; see also Exhibits A–C attached to Request Letter (on file with the Op. Comm.) ("Request Letter" and "Exhibits").

city makes regarding the validity of its respective ordinances, your questions essentially focus on three scenarios and the manner in which section 113.054 would govern each: (1) a local ordinance or rule that is less restrictive than a corresponding rule or standard of the Commission; (2) a local ordinance or rule relating to an aspect or phase of the LPG industry on which the Commission has not yet adopted a rule or standard; and (3) a local ordinance or rule that was already in place when section 113.054 went into effect, regardless of how restrictive it may be.[2]

Generally, home-rule cities have "the full power of self-government and look to the Legislature, not for grants of power, but only for limitations on their powers." *S. Crushed Concrete, LLC v. City of Houston*, 398 S.W.3d 676, 678 (Tex. 2013); *see also* TEX. CONST. art. XI, § 5(a) (no home-rule ordinance "shall contain any provision inconsistent with" state law or the Texas Constitution).[3] But "[t]he Legislature may limit a home-rule city's broad powers when it expresses its intent to do so with 'unmistakable clarity.'" *City of Houston v. Bates*, 406 S.W.3d 539, 546 (Tex. 2013) (quoting *Dallas Merch.'s & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 490–91 (Tex. 1993)). In construing section 113.054 to give effect to the Legislature's intent, we "look first and foremost to the language of the statute." *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015). Section 113.054 plainly states that the Commission's rules and standards "preempt and supersede *any* ordinance, order, or rule adopted by a political subdivision . . . relating to *any* aspect or phase of the liquefied petroleum gas industry." TEX. NAT. RES. CODE § 113.054 (emphasis added). The Texas Supreme Court has explained that a home-rule ordinance "that attempts to regulate a subject matter preempted by a state statute is unenforceable to the extent it conflicts with the state statute." *City of Houston*, 406 S.W.3d at 546. Here, the "subject matter" preempted by section 113.054 is not an individual aspect of the LPG industry, such as container size, storage, etc., but the regulation of the industry itself. Thus, the existence of an unapproved local LPG provision would generally be in conflict with the statute's mandate that local-level regulation be preempted and superseded by the Commission's regulation.

It has been suggested that section 113.054 could be read to permit municipalities to enact ordinances that are less restrictive than the Commission's rules and standards without having to petition the Commission for permission. *See* Houston Brief at 5–6. But this portion of section 113.054 must be read in the context of chapter 113 as a whole. *Rylander v. Fisher Controls Int'l, Inc.*, 45 S.W.3d, 291, 299 (Tex. App.—Austin 2001, no pet.). Given the purpose of the Commission's regulation "to protect the health, welfare, and safety of the general public" with respect to liquefied petroleum gas, TEX. NAT. RES. CODE § 113.051, section 113.054's requirement that a political subdivision seek permission to promulgate local provisions that are "more restrictive" than those of the Commission, *id.* § 113.054, likely means that such a category is the only type which may be promulgated by a political subdivision, with permission of the Commission under the standard set forth in section 113.054. Construing section 113.054 otherwise

---

[2]*See generally* Request Letter; Brief from Donna L. Edmundson, City Att'y, City of Houston (Dec. 11, 2015) ("Houston Brief"); Brief from Brandon S. Shelby, City Att'y, City of Sherman (Dec. 14, 2015) ("Sherman Brief") (briefs on file with the Op. Comm.).

[3]In contrast, general-law cities possess only those powers and privileges conferred by law. *Hope v. City of Laguna Vista*, 721 S.W.2d 463, 463–64 (Tex. Civ. App.—Corpus Christi 1986, writ ref'd n.r.e.).

would result in less-restrictive rules promulgated by municipalities that would immediately be preempted and superseded by operation of section 113.054. *See Anderson v. Penix*, 161 S.W.2d 455, 458–59 (Tex. 1942) (providing that "a statute will not be construed so as to ascribe to the Legislature [the intent] to do . . . an unreasonable thing," if a construction not resulting in such a manner can be accomplished). Thus, a political subdivision may petition the Commission under section 113.054 for permission to promulgate local provisions relating to any aspect or phase of the LPG industry only when such local provisions would be more restrictive than the rules or standards adopted by the Commission.

By its plain language, section 113.054 applies only to "rules and standards *promulgated and adopted* by the commission under Section 113.051." TEX. NAT. RES. CODE § 113.054 (emphasis added). The purpose of such regulation, once adopted, is "to protect the health, welfare, and safety of the general public" with respect to liquefied petroleum gas. *Id.* § 113.051; *see also Smith v. Koenning*, 398 S.W.2d 411, 415–16 (Tex. App.—Corpus Christi 1965, writ ref'd n.r.e.) (taking judicial notice of "the inherently explosive and dangerous nature of butane gas" and noting that legislative recognition of such facts led to the passage of the original LPG Code). By mandating the Commission's regulation of "any and all aspects or phases of the LPG industry," TEX. NAT. RES. CODE § 113.051, and permitting more restrictive local rules and standards only under certain circumstances with permission of the Commission, *id.* § 113.054, the Legislature has evidenced an intent that the Commission's rules and standards constitute a regulatory ceiling. Thus, where the Commission has not yet adopted a rule or standard relating to a particular aspect or phase of the LPG industry, any local rule or ordinance on the same aspect or phase automatically creates a more restrictive regulatory framework than the existing Commission framework. Accordingly, absent Commission permission, the local rule or ordinance in that instance would be preempted. Construing section 113.054 otherwise to permit a patchwork of local provisions on some aspect or phase of the LPG industry pending Commission regulation on that subject would frustrate the Legislature's intent under the text of the law to maintain consistent statewide regulation of the industry.

It has also been suggested that section 113.054 "does not apply to local LPG rules that existed before the statute's effective date," on the theory that a statute is presumed to be prospective in its operation. Houston Brief at 5; *see also* TEX. GOV'T CODE § 311.022 ("[a] statute is presumed to be prospective in its operation unless expressly made retrospective"); TEX. CONST. art. I, § 16 ("[n]o . . . retroactive law . . . shall be made"). But "[a] statute does not operate 'retrospectively' merely because it . . . upsets expectations based in prior law." *Quick v. City of Austin*, 7 S.W.3d 109, 132 (Tex. 1998) (internal quotations omitted). Section 113.054 does not purport to operate before its effective date.[4] What it does is extinguish local provisions on its effective date, regardless of when the local provisions may have originally been enacted. And there is no right of a political subdivision in the continuation of present laws regarding a particular subject. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 219 (Tex. 2002); *see also Robinson v. Crown Cork & Seal Co., Inc.*, 335 S.W.3d 126, 139 (Tex. 2010) (acknowledging that "[m]ost statutes operate to change existing conditions"). Construing section 113.054 to

---

[4]*See* Act of May 26, 2011, 82d Leg., R.S., ch. 1020, § 2, Tex. Gen. Laws 2579, 2579 (codified at TEX. NAT. RES. CODE § 113.054) (providing an effective date of September 1, 2011).

impliedly "grandfather" already-existing local ordinances would frustrate the intent of the Legislature to achieve uniformity in the regulation of the LPG industry, as political subdivisions could simply leave their local ordinances in place. *See Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004) (courts "consider the objective the law seeks to obtain and the consequences of a particular construction").

Thus, in the three scenarios that form the essence of your inquiry, section 113.054 would operate to preempt and supersede existing local ordinances, orders, or rules without regard to their level of restriction or date of enactment, and without regard to whether the Commission has adopted rules or standards governing a particular aspect or phase of the LPG industry, absent the Commission's permission as otherwise provided by section 113.054.

## S U M M A R Y

Section 113.054 of the Natural Resources Code preempts and supersedes existing local ordinances, orders, or rules without regard to their level of restriction or date of enactment, and without regard to whether the Texas Railroad Commission has adopted rules or standards governing a particular aspect or phase of the liquefied petroleum gas ("LPG") industry, absent the Commission's permission as otherwise provided by section 113.054.

A political subdivision may petition the Commission under section 113.054 for permission to promulgate local provisions relating to any aspect or phase of the LPG industry only when such local provisions would be more restrictive than the rules or standards adopted by the Commission.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee