# IN THE SUPREME COURT OF TEXAS

════════════

No. 11-0270

════════════

SOUTHERN CRUSHED CONCRETE, LLC, PETITIONER,

v.

CITY OF HOUSTON, RESPONDENT

══════════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTEENTH DISTRICT OF TEXAS

══════════════════════════════════════════════════

**Argued October 15, 2012**

JUSTICE LEHRMANN delivered the opinion of the Court.

We must decide whether the Texas Clean Air Act (TCAA) preempts a Houston ordinance. The City denied Southern Crushed Concrete's (SCC) municipal permit application to move a concrete-crushing facility to a new location, even though the Texas Commission on Environmental Quality had previously issued a permit authorizing construction of the facility at the proposed location, because the concrete-crushing operations would violate the Ordinance's location restriction. The TCAA provides that "[a]n ordinance enacted by a municipality . . . may not make unlawful a condition or act approved or authorized under [the TCAA] or the [C]ommission's rules or orders." TEX. HEALTH & SAFETY CODE § 382.113(b). Because the Ordinance makes it unlawful to build a concrete-crushing facility at a location that was specifically authorized under the Commission's

orders by virtue of the permit, we hold that the Ordinance is preempted. Accordingly, we reverse the judgment of the court of appeals and render judgment for SCC.

## I. Factual and Procedural Background

In October 2003, SCC applied to the Commission for an air quality permit to move an already-permitted concrete-crushing facility to a new location in Houston. While the application was pending, the Presbyterian School Outdoor Education Center was built near the property SCC proposed to use for its facility. In May 2007, after nearly four years of permit proceedings in which the City participated and opposed SCC's application, the City passed an ordinance requiring concrete-crushing facility operators to obtain a municipal permit. HOUS., TEX., CODE OF ORDINANCES ch. 21, art. VI, div. 3, § 21-168.

Under the Ordinance, new concrete-crushing operations must meet certain location requirements, which are more restrictive than those imposed under the TCAA and the Commission rules. *Id.* §§ 21-168, -170. Specifically, the Ordinance prohibits concrete-crushing operations within 1,500 feet of a school facility and other enumerated land uses, measured from property line to property line, *id.* §§ 21-167 to -170, while the TCAA and Commission rules prohibit the operation of a concrete-crushing facility within 1,320 feet of any school and other enumerated land uses, measured from the nearest points of the buildings in question, TEX. HEALTH & SAFETY CODE § 382.065(a); 30 TEX. ADMIN. CODE § 116.112(b)(2).

Despite the Ordinance, the Commission granted SCC's requested air quality permit in August 2008, concluding that the concrete-crushing operations would not violate the location requirements contained in the TCAA and Commission rules. SCC then applied to the City for a municipal permit,

2

which was denied because the concrete-crushing operations would violate the Ordinance's location restriction.

SCC sued the City, seeking both a declaration that the Ordinance is preempted and an injunction against its enforcement. SCC contended that the Ordinance is preempted under the Texas Constitution because it is impermissibly inconsistent with the TCAA. *See* TEX. CONST. art. XI, § 5 ("[N]o . . . ordinance . . . shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State."). SCC also argued that the Ordinance is preempted by the TCAA, which provides that a city ordinance "may not make unlawful a condition or act approved or authorized under [the TCAA] or the [C]ommission's rules or orders." TEX. HEALTH & SAFETY CODE § 382.113(b). SCC further asserted that the Local Government Code's uniformity-of-requirements provision bars enforcement of the Ordinance because the Ordinance was adopted after SCC filed its permit application with the Commission. *See* TEX. LOC. GOV'T CODE § 245.002. The parties filed cross-motions for summary judgment, and the trial court granted the City's motion, denied SCC's motion, and dismissed SCC's claims with prejudice.

The court of appeals, with one justice dissenting, affirmed, holding that the Ordinance is neither preempted nor unconstitutional and does not violate the uniformity-of-requirements provision. __ S.W.3d __. SCC raises the same arguments in this Court as it did in the trial court. Because the dispositive question is whether the Ordinance makes unlawful an act approved or authorized under the TCAA or the Commission's rules or orders, we need only address that issue.

## II. Preemption of Ordinances Enacted by Home-Rule Cities

When both parties move for summary judgment and the trial court grants one motion and denies the other, as here, we review both sides' summary judgment evidence and render the judgment the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). SCC argues that the Ordinance is preempted by the TCAA because the Ordinance makes unlawful an act approved or authorized under the TCAA or the Commission's rules or orders in violation of section 382.113(b) of the Health and Safety Code. We agree.

The City of Houston is a home-rule city, deriving its power from article XI, section 5 of the Texas Constitution. TEX. CONST. art. XI, § 5. Home-rule cities have the full power of self-government and look to the Legislature, not for grants of power, but only for limitations on their powers. *Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 643 (Tex. 1975) (citing *Forwood v. City of Taylor*, 214 S.W.2d 282 (Tex. 1948)). "[I]f the Legislature decides to preempt a subject matter normally within a home-rule city's broad powers, it must do so with 'unmistakable clarity.'" *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002) (quoting *Dallas Merchant's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993)).

## III. The Ordinance is Preempted by the Plain Language of the TCAA

The TCAA's policy and purpose is "to safeguard the state's air resources from pollution by controlling or abating air pollution and emissions of air contaminants." TEX. HEALTH & SAFETY CODE § 382.002(a). Accordingly, any person who plans to construct a facility that may emit air contaminants, such as a concrete-crushing facility, must obtain a permit from the Commission. *Id.* § 382.0518; 30 TEX. ADMIN. CODE § 116.110. The TCAA lists general considerations the

Commission may take into account in determining whether to grant a permit. TEX. HEALTH & SAFETY CODE § 382.0518. In issuing a permit, the Commission determines that the permit application satisfies the TCAA and applicable rules.

Section 382.113(b) states that a city ordinance "may not make unlawful a condition or act approved or authorized under [the TCAA] or the [C]ommission's rules or orders." TEX. HEALTH & SAFETY CODE § 382.113(b). The plain language of section 382.113(b) unmistakably forbids a city from nullifying an act that is authorized by either the TCAA or, as in this case, the Commission's rules or orders. Here, the Commission's authorization is evident from the face of the permit:

*A PORTABLE PERMIT IS HEREBY ISSUED TO*
Southern Crushed Concrete, Inc.
*AUTHORIZING THE CONSTRUCTION AND OPERATION OF*
Concrete Crushing Facility
Regulated Entity Number: RN100904838

The City counters that the Ordinance does not make unlawful an act authorized by the Commission, arguing that the permit merely removed one government-imposed barrier to operations but did not affirmatively authorize anything. We disagree. As Justice Brown noted in his dissent in the court of appeals, the City effectively argues that "the permit the Commission issued to [SCC] 'authorizing the construction and operation of' a concrete-crushing facility is not actually that." __ S.W.3d __ (Brown, J., dissenting). The City's argument is inconsistent not only with the permit language, but also with Texas law, which defines permit to mean "an *authorization* by a license, certificate, registration, or other form that is required by law or state agency rules to engage in a particular business." TEX. GOV'T CODE § 2005.001(1) (emphasis added).

5

The City further contends that, even if the permit represents the Commission's authorization or approval, such authorization or approval is only for the purpose of protecting air quality, not for general purposes. And, because the Ordinance purports to regulate land use, not air quality, the Ordinance does not actually abrogate the permit. But, the statute does not draw that distinction, nor should it if state regulation is to be effective. If the City's contention were true, a city could almost always circumvent section 382.113(b) and vitiate a Commission permit that it opposes by merely passing an ordinance that purports to regulate something other than air quality.

### IV. Conclusion

We do not decide whether a city may more restrictively regulate an activity that the State also regulates, as that issue is not before us. But, the express language of section 382.112(b) compels us to give effect to the Legislature's clear intent that a city may not pass an ordinance that effectively moots a Commission decision. We hold that the Ordinance makes unlawful an "act approved or authorized under . . . the [C]ommission's . . . orders" and is thus preempted by the TCAA and unenforceable. TEX. HEALTH & SAFETY CODE § 382.113(b). We therefore reverse the judgment of the court of appeals and render judgment for SCC.

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** February 15, 2013

6