August 4, 2014

Ms. Ann Marie Lee, CPA
Henderson County Auditor
125 North Prairieville Street, Room 202
Athens, Texas 75751

Opinion No. GA-1073

Re: Whether a home-rule municipal charter provision may require voter approval to impose an ad valorem tax (RQ-1183-GA)

Dear Ms. Lee:

You ask whether a home-rule municipal charter provision may require voter approval to impose an ad valorem tax.[1] You inform us that Gun Barrel City (the "City") adopted a home-rule charter that authorizes the City to impose lawful municipal taxes but provides that "[n]o ad valorem or additional sales tax or assessments may be imposed . . . without the approval of the electorate." Request Letter at 1 (emphasis omitted) (further explaining that the City adopted the charter under article XI, section 5 of the Texas Constitution, the municipal home-rule provision); GUN BARREL, TEX., CHARTER art. VII, § 7.19(1) (1996). You inquire as to the validity of this charter provision. Request Letter at 1–2.

Article XI, section 5(a) of the Texas Constitution authorizes home-rule municipalities to "levy, assess and collect such taxes as may be authorized by law or by their charters." TEX. CONST. art. XI, § 5(a). The Legislature has authorized home-rule municipalities to "levy special or general property taxes for lawful purposes." TEX. TAX CODE ANN. § 302.001(c) (West 2008). You state that the charter grants the City "the power to levy, assess and collect taxes of every character and type for any municipal purpose not prohibited by the Constitution and laws of the State of Texas." Request Letter at 1; GUN BARREL, TEX., CHARTER art. VII, § 7.19(1) (1996). From your statement of the facts, we will assume that the City possesses the predicate authority necessary to impose an ad valorem tax. The charter provision about which you ask limits that authority by requiring voter approval before it may be exercised. Request Letter at 1. You are concerned that this provision may conflict with or be preempted by chapter 26 of the Tax Code, specifically section 26.05. *Id.* at 3.

A municipality that has adopted a home-rule charter possesses the full power of self-governance, subject to legislative limitation. TEX. CONST. art. XI, § 5; *S. Crushed Concrete,*

---

[1]*See* Letter from Ms. Ann Marie Lee, CPA, Henderson County Auditor, to Honorable Greg Abbott, Attorney General of Texas at 1 (Feb. 4, 2014), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

*LLC v. City of Houston*, 398 S.W.3d 676, 678 (Tex. 2013). A city charter provision may not conflict with state law, nor may it regulate a subject matter that a state statute preempts. *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002). To preempt subject matter normally within a home-rule municipality's authority, however, the Legislature must do so with "unmistakable clarity." *Id.* (quoting *Dallas Merch.'s & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993)). Moreover, courts will not hold that a municipal charter conflicts with or is preempted by a state law "if they can reach a reasonable construction leaving both in effect." *In re Sanchez*, 81 S.W.3d at 796.

Section 26.05 of the Tax Code provides procedures for the governing body of a tax unit to adopt a tax rate and does not mention voter approval as part of the process. *See* TEX. TAX CODE ANN. § 26.05 (West Supp. 2013). The City's charter requires voter approval before any tax may be imposed. Interpreting the charter as substituting an election for any of the procedures in chapter 26 would necessarily conflict with the chapter. *See generally* Tex. Att'y Gen. Op. No. GA-1031 (2013) at 3 (determining that a charter provision is unenforceable to the extent it is inconsistent with the governing body's statutory authority). However, the charter can be read as requiring voter approval in addition to, not in replacement of, any state statutory requirements, so that the charter does not conflict with chapter 26. *See City of Richardson v. Responsible Dog Owners of Tex.*, 794 S.W.2d 17, 19 (Tex. 1990) (holding that "the mere fact that the legislature has enacted a law addressing a subject does not mean that the subject matter is completely preempted").[2] The City Council could adopt a tax rate under chapter 26 of the Tax Code subject to voter approval as required by the charter, giving full effect to both the Tax Code and the charter. Because this interpretation leaves both the charter provision and chapter 26 in full effect, it is the interpretation most likely to be adopted by a court. *See In re Sanchez*, 81 S.W.3d at 796 (harmonizing home-rule city charter with the Election Code).

More broadly, section 1.02 of the Tax Code states that title 1 of the code, which includes chapter 26, supersedes municipal charter provisions and ordinances "relating to property taxation." TEX. TAX CODE ANN. § 1.02 (West 2008). Section 1.02 further explains, however, that "[n]othing in [title 1] invalidates or restricts the right of voters to utilize municipal-level initiative and referendum to set a . . . limitation on [a] tax increase for that municipality." *Id.* Section 1.02 suggests a general legislative intent to limit the preclusive effect of state Tax Code requirements on municipal tax increase elections. Moreover, while chapter 26 prescribes procedures for adopting the taxing unit's ad valorem tax rate, the chapter as a whole does not reveal a legislative intent to preclude municipalities from requiring voter approval as an

---

[2]You state that the City's charter and chapter 26 of the Tax Code might be construed as requiring two elections, one to impose a tax rate and another for a rollback election. Request Letter at 5–6. We express no opinion about the issue because the City Council should decide in the first instance how the municipal charter provision may be construed and implemented consistently with chapter 26 and other state law. *See* Tex. Att'y Gen. Op. No. GA-0449 (2006) at 1 (explaining that this office refrains from construing city charters or ordinances "[i]n deference to municipal officials' authority to interpret their [own] charters and ordinances").

additional requirement before the tax may be implemented. *See id.* §§ 26.01–.16 (West 2008 & Supp. 2013).

A court would likely construe a city charter provision requiring voter approval of municipal ad valorem taxes in a manner that gives full effect to both the charter provision and chapter 26 of the Tax Code. Accordingly, a court would likely conclude that chapter 26 of the Tax Code does not conflict with or preempt such a city charter provision.

## S U M M A R Y

A court would likely conclude that chapter 26 of the Tax Code does not conflict with or preempt a city charter provision that requires voter approval before municipal ad valorem taxes may be imposed.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee