

# KEN PAXTON
## ATTORNEY GENERAL OF TEXAS

December 21, 2015

The Honorable Brian Birdwell
Chair, Committee on Nominations
Texas State Senate
Post Office Box 12068
Austin, Texas 78701-2068

Opinion No. KP-0051

Re: Authority of an institution of higher education to establish certain rules regarding the carrying of handguns on campus (RQ-0076-KP)

Dear Senator Birdwell:

You ask six questions related to the authority of a public institution of higher education to establish certain rules regarding the carrying of handguns on campus.[1] Your questions arise from the Eighty-fourth Legislature's passage of Senate Bill 11, commonly referred to as the "campus carry" law, which will take effect August 1, 2016. Request Letter at 1.[2] S.B. 11 generally authorizes individuals licensed to carry concealed handguns to "carry a concealed handgun on or about the license holder's person while the license holder is on the campus of an institution of higher education." 2015 Tex. Gen. Laws at 1723 (to be codified at TEX. GOV'T CODE § 411.2031(b)). In addition, it authorizes the president or other chief executive officer of an institution of higher education to "establish reasonable rules, regulations, or other provisions regarding the carrying of concealed handguns by license holders" on campus. *Id.* (to be codified at TEX. GOV'T CODE § 411.2031(d-1)). S.B. 11 also provides that "the president or officer may, not establish provisions that generally prohibit or have the effect of generally prohibiting license holders from carrying concealed handguns on the campus of the institution." *Id.*

Your first question asks whether an institution of higher education will violate the provisions of S.B. 11 if it "designates a meaningful number of classrooms as areas in which the possession of concealed handguns by Licensees is not allowed." Request Letter at 4. S.B. 11 does not expressly address the extent to which the carrying of concealed handguns can be regulated specifically within classrooms. The carrying of concealed handguns in certain types of classrooms may pose heightened safety concerns such that the regulation of concealed handguns is authorized under S.B. 11. As an example, some institutions of higher education have grade school classrooms

---

[1] *See* Letter from Honorable Brian Birdwell, Chair, Senate Comm. on Nominations, to Honorable Ken Paxton, Tex. Att'y Gen. at (Nov. 18, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter"). You note that the "authority granted to public Colleges and private colleges are different," and you limit your request to "deal solely with public Colleges." *Id.* at 1.

[2] *See* Act of May 31, 2015, 84th Leg., R.S., ch. 438, § 1, 2015 Tex. Gen. Laws 1723 (hereafter "S.B. 11").

on their campuses. Given that the Legislature has made it a criminal offense to carry a firearm on the physical premises of such a school, rules regulating the carrying of concealed handguns in such grade school classrooms would be consistent with the Legislature's intent. *See* TEX. PENAL CODE § 46.03(a)(1). That said, attending or teaching class is the primary reason most individuals are on campus. If an institution prohibited the carrying of concealed handguns in a substantial number of classrooms, a court would likely conclude that the effect would be to "generally prohibit" license holders from carrying concealed handguns on campus, contrary to the Legislature's express requirements.[3]

Also related to regulation of handguns in the classrooms, your second question asks whether an institution of higher education will violate the provisions of S.B. 11 if it "allows individual professors to designate their classrooms as areas in which the possession of the concealed handguns by Licensees is not allowed." Request Letter at 4. While the Legislature has required that faculty be consulted prior to establishing the rules, S.B. 11 places the authority to make rules regarding the carrying of concealed handguns on campus with the "president or other chief executive officer." 2015 Tex. Gen. Laws at 1723 (to be codified at TEX. GOV'T CODE § 411.2031(d-1)). No provisions within S.B. 11 authorize a president or chief executive officer to delegate this authority to individual professors, and reading S.B. 11 as a whole suggests that the Legislature did not intend to allow such piecemeal regulation of handguns on campus. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) (explaining that courts construe statutes as a whole rather than in isolation). Institutions of higher education are required to "widely distribute the rules . . . to the institution's students, staff, and faculty, including by prominently publishing the provisions on the institution's Internet website." 2015 Tex. Gen. Laws at 1723–74 (to be codified at TEX. GOV'T CODE § 411.2031(d-3)). Requiring that the rules be distributed to faculty suggests that the Legislature did not intend for the faculty members themselves to establish those rules. And, as a practical matter, if each faculty member could establish individualized rules, adequately publishing such rules and providing the notice required by S.B. 11 would be unmanageable.[4] Thus, a court would likely conclude that S.B. 11 does not authorize a president or chief executive officer of an institution of higher education to delegate to

---

[3]*See* Univ. of Tex. at Austin, Campus Carry Policy Working Group Final Report, at 6, Dec. 2015, *available at* http://campuscarry.utexas.edu/CCWorkingGroup-FinalReport.pdf ("The primary on-campus activity for most of our more than 50,000 students is going to class. Excluding handguns from classrooms would have the effect of generally prohibiting license holders from carrying their handguns and so would violate S.B. 11.").

[4]S.B. 11 requires institutions of higher education to "give effective notice under Section 30.06, Penal Code, with respect to any portion of a premises on which license holders may not carry." 2015 Tex. Gen. Laws at 1723 (to be codified at TEX. GOV'T CODE § 411.2031(d-1)). Penal Code section 46.035(a-3) also provides that notwithstanding subsection (a) or section 46.03(a), "a license holder commits an offense if the license holder intentionally carries a handgun" in a location on campus where the institution has by rule prohibited the carrying of concealed weapons, "provided the institution gives effective notice under Section 30.06." 2015 Tex. Gen. Laws at 1726; *see* TEX. PENAL CODE § 30.06(b) (providing that notice under section 30.06 may be "oral or written communication"), (c)(3)(B)(iii) (providing that a sign displayed on the property constitutes notice if it "is displayed in a conspicuous manner clearly visible to the public").

individual professors the decision as to whether possession of a concealed handgun is allowed in the individual professor's classroom.

Your third question asks whether an institution of higher education would violate S.B. 11 if it prohibited or effectively prohibited the possession of handguns in "dormitories and/or other college-owned or leased residential housing." Request Letter at 5. S.B. 11 expressly prohibits an institution of higher education from adopting any rule, regulation, or other provision prohibiting license holders from carrying handguns on campus, except in limited circumstances. 2015 Tex. Gen. Laws at 1723 (to be codified at TEX. GOV'T CODE § 411.2031(c)). One of those exceptions is found in subsection (d), which provides that "[a]n institution of higher education . . . may establish rules, regulations, or other provisions concerning the storage of handguns in dormitories or other residential facilities . . . located on the campus of the institution." 2015 Tex. Gen. Laws at 1723 (to be codified at TEX. GOV'T CODE § 411.2031(d)). This provision allows an institution to establish reasonable requirements related to the location and manner in which handguns are stored within its residential facilities on campus. What is reasonable in any given circumstance will involve questions of fact.[5] If an institution placed a prohibition on handguns in the institution's residential facilities, however, it would effectively prohibit license holders in those facilities from carrying concealed handguns on campus, in violation of S.B. 11.[6] This is because "rules, regulations, or other provisions concerning the *storage of handguns in dormitories*" presupposes their presence in dormitories. 2015 Tex. Gen. Laws at 1723 (to be codified at TEX. GOV'T CODE § 411.2031(d)) (emphasis added); *see* BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "storage" to mean "[t]he act of putting something away for future use; esp., the keeping or placing of articles in a place of safekeeping, such as a warehouse or depository").

Your fourth question asks whether an institution of higher education would violate S.B. 11 if it temporarily prohibited the carrying of handguns by license holders on either "all or most of the campus" or, alternatively, "on certain portions of the campus." Request Letter at 5. The distribution and notice requirements discussed above suggest that the Legislature did not intend to allow frequent, temporary restrictions on the carrying of concealed handguns. S.B. 11 does, however, allow a president or officer to "amend the provisions as necessary for campus safety," and to consider "specific safety considerations, and the uniqueness of the campus environment." 2015 Tex. Gen. Laws at 1723 (to be codified at TEX. GOV'T CODE § 411.2031(d-1)). Pursuant to this language, a court could conclude that occasional, reasonable temporary restrictions that are prominently posted on the institution's website clearly notify license holders of the restrictions, and do not amount to a general prohibition on the carrying of concealed handguns on campus.

Your fifth question asks whether a concealed handgun licensee has "standing to bring an action" if the licensee reasonably believes that the institution "has exceeded its authority . . . , or that it has taken regulatory action without meeting the procedural requirements" under S.B. 11. Request Letter at 5. While sovereign immunity protects the state from lawsuits for money

---

[5]*See* Campus Carry Policy Working Group Final Report, *supra* note 3, at 21 (establishing restrictions for gun safes used by license holders).

[6]*See id.* at 20–21 ("With three exceptions, the concealed carry of handguns should be prohibited in all on-campus residence halls.").

damages, "suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). "Private parties may seek declaratory relief against state officials who allegedly act without legal or statutory authority." *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Thus, an individual whose legal rights have been infringed due to a president or chief executive officer of an institution adopting regulations that exceed the authority granted in S.B. 11 would have standing to bring an *ultra vires* cause of action against the president or chief executive officer. *See Heinrich*, 284 S.W.3d at 372; *see also* TEX. CIV. PRAC. & REM. CODE § 37.004(b) (providing that an individual whose legal rights are affected by a statute "may have determined any question of construction" of that statute). The remedy for such action would be limited to injunctive relief. *See Heinrich*, 284 S.W.3d at 376 ("[A] claimant who successfully proves an *ultra vires* claim is entitled to prospective injunctive relief.").

Your final question asks whether the offense found in subsection 46.035(a-3) of the Penal Code would apply to a licensee carrying a concealed handgun if an institution of higher education has failed to comply with S.B. 11. Request Letter at 5. S.B. 11 amended section 46.035 of the Penal Code to add subsection (a-3), which will become effective August 1, 2016. 2015 Tex. Gen. Laws at 1726. At that time, subsection 46.035(a-3) will provide:

> Notwithstanding Subsection (a) or Section 46.03(a), a license holder commits an offense if the license holder intentionally carries a concealed handgun on a portion of a premises located on the campus of an institution of higher education in this state on which the carrying of a concealed handgun is prohibited by rules, regulations, or other provisions established under Section 411.2031(d-1), Government Code, provided the institution gives effective notice under Section 30.06 with respect to that portion.

*Id.* (to be codified at TEX. PENAL CODE § 46.035(a-3)). If a court concludes that the rules established by an institution of higher education with regard to where concealed handguns may be carried are not authorized by statute, "it would follow that any further enforcement of such provisions would be ultra vires." *Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 751 (Tex. App.—Austin 2014, no pet.).[7]

---

[7]You do not ask whether institutions of higher education may establish policies regarding the manner in which license holders carry on campus, such as holster requirements or policies regarding the presence of a chambered round. *See* Campus Carry Policy Working Group Final Report, *supra* note 3 at 16 (preventing license holders from carrying a gun with a chambered round, requiring license holders to carry in a holster that completely covers the trigger and trigger guard area, and requiring sufficient tension on the handgun to retain it in the holster when subjected to unexpected jostling). Analyzing such restrictions would involve whether S.B. 11 delegated to public institutions of higher education the ability to restrict the manner in which license holders carry and whether state law restrictions on the manner of carrying preempts the field of such regulations. *See, e.g., S. Crushed Concrete, L.L.C. v. City of Houston*, 398 S.W.3d 676, 678 (Tex. 2013) (recognizing that state law may preempt local ordinances).

## S U M M A R Y

A court would likely conclude that a public institution of higher education exceeds the authority granted under Senate Bill 11 if it prohibits the carrying of concealed handguns in a substantial number of classrooms or delegates to individual professors the decision as to whether possession of a concealed handgun is allowed in the individual professor's classroom.

If a public institution of higher education placed a prohibition on handguns in the institution's campus residential facilities, it would effectively prohibit license holders in those facilities from carrying concealed handguns on campus, in violation of the express terms of Senate Bill 11.

A court could conclude that occasional, reasonable, temporary restrictions that are prominently posted on the institution's website clearly notify license holders and do not amount to a general prohibition on the carrying of concealed handguns on campus.

An individual whose legal rights have been infringed due to a president or chief executive officer of a public institution adopting regulations that exceed the authority granted in Senate Bill 11 would likely have standing to bring an *ultra vires* cause of action against the president or chief executive officer.

If a court concludes that the rules established by an institution of higher education with regard to where concealed handguns may be carried are not authorized by statute, it would follow that any further enforcement of such provisions would be *ultra vires*.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee