# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11035

REPUBLIC WASTE SERVICES OF TEXAS, LIMITED,

Plaintiff - Appellant

v.

TEXAS DISPOSAL SYSTEMS, INCORPORATED,

Defendant - Appellee

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:14-CV-67

Before STEWART, Chief Judge, and CLEMENT and HAYNES, Circuit Judges.

PER CURIAM:*

This case involves a dispute between two waste disposal service entities, Plaintiff-Appellant Republic Waste Services of Texas, Ltd. ("Republic") and Defendant-Appellee Texas Disposal Systems, Inc. ("Texas Disposal"). At issue is a purported conflict between the Texas Health and Safety Code ("the Code") and an exclusive contract for solid waste disposal services entered into by Republic and the city of San Angelo, Texas ("the City"). After a hearing, the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11035

district court granted Texas Disposal's Rule 12(b)(6) motion to dismiss the suit and denied as moot Republic's motion for partial summary judgment. For the following reasons, we reverse the part of the district court's order granting Texas Disposal's motion to dismiss, vacate the part of the order denying as moot Republic's motion for partial summary judgment, and remand for further proceedings.

## I. Facts & Procedural History

In July 2013, the City issued Texas Disposal a "Solid Waste Hauling Permit," allowing it to transport and dispose of garbage, trash, and debris within city limits, and to render "any service that is allowed by state law or city ordinance that does not conflict with the City's contract with Republic . . . and the exclusive rights granted by that contract[.]"[1] Then, in July 2014, pursuant to a city ordinance,[2] Republic and the City entered into an agreement titled "Special Exclusive Contract for Solid Waste Collection and Disposal Services," with an effective date of August 1, 2014. Under the terms of the contract, Republic was given the exclusive right to collect, transport, and dispose of all residential and non-residential solid waste, including temporary construction and demolition waste. The contract also contained a provision indicating that Republic, not the City, was responsible for enforcing its exclusivity in the event of legal proceedings.

At some point after the contract between the City and Republic went into effect, Texas Disposal began to contract for and provide solid waste disposal services to various construction projects in the City. Consequently, Republic sent Texas Disposal a cease-and-desist letter stating that its own contract with

---

[1] Although the City issued the permit to Texas Disposal in 2013—a year prior to entering into a contract with Republic in 2014—the terms of the permit nevertheless prohibit Texas Disposal from rendering services that conflict with the City's contract with Republic.

[2] San Angelo, Tex., Code of Ordinances ch. 11, art. 11.04.003(d).

2

No. 15-11035

the City precluded Texas Disposal from entering into construction waste disposal contracts with the City's residents and businesses. In response, Texas Disposal acknowledged the contract between Republic and the City but contended that its terms concerning solid waste management services for construction projects were unenforceable due to a conflict with Section 364.034(h) of the Code.[3]

Republic disagreed and sued Texas Disposal in federal district court advancing a state law claim for tortious interference with an existing contract. Republic also sought: (1) a declaratory judgment as to the validity of its exclusive contract with the City, (2) an injunction against Texas Disposal's continued waste disposal servicing of construction projects, and (3) money damages. In lieu of an answer, Texas Disposal filed a Rule 12(b)(6) motion to dismiss, arguing that Section 364.034(h) of the Code precluded the City from entering into exclusive contracts for temporary construction solid waste disposal services. *See* Fed. R. Civ. P. 12(b)(6). Republic then filed a motion for partial summary judgment on its declaratory judgment claim and as to liability on its tortious interference claim.

The district court conducted a hearing on both motions and rendered an order granting Texas Disposal's motion to dismiss and denying as moot Republic's motion for partial summary judgment. In its order, the district court reasoned that the plain wording of Section 364.034(h) conveyed the legislature's "clear intent to take away the City's inherent authority to grant

---

[3] Under Section 364.034(a) of the Code, a public agency—which is defined to include municipalities—may enter into an exclusive contract for solid waste disposal services. Tex. Health & Safety Code Ann. § 364.034(a) ("A public agency or a county may: (1) offer solid waste disposal service to persons in its territory; (2) require the use of the service by those persons; (3) charge fees for the service; and (4) establish the service as a utility separate from other utilities in its territory."). Subsection (h) states that "[t]his section does not apply to a private entity that contracts to provide temporary solid waste disposal services to a construction project." *Id*. § 364.034(h).

No. 15-11035

exclusive [contract rights] in the specific instance of 'contracts to provide temporary solid waste disposal services to a construction project.'" Republic filed this appeal.

## II. Standard of Review

"This court reviews a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545, 551 (5th Cir. 2015) (internal quotation marks omitted) (citing *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013)). A district court's Rule 12(b)(6) dismissal may be affirmed on any grounds raised below and supported by the record. *Harris Cty.*, 791 F.3d at 551.

We also conduct a de novo review of a district court's denial of summary judgment, applying the same standard as the district court. *Robinson v. Orient Marine Co.*, 505 F.3d 364, 365 (5th Cir. 2007). Summary judgment is appropriate if the record evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* at 366; Fed. R. Civ. P. 56(a).

## III. Discussion

"Home-rule" cities in Texas, such as San Angelo, derive their authority from the Texas constitution. *See* Tex. Const. art. XI, § 5. As the Texas Supreme Court has consistently acknowledged, "[h]ome-rule cities have the full power of self-government and look to the Legislature, not for grants of power, but only for limitations on their powers." *S. Crushed Concrete, LLC v. City of Hous.*, 398 S.W.3d 676, 678 (Tex. 2013) (citing *Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 643 (Tex. 1975)). "An ordinance of a home-rule city that attempts to regulate a subject matter preempted by a state statute is unenforceable to the extent it conflicts with the state statute." *Dall. Merch.'s & Concessionaire's Ass'n v. City of Dall.*, 852 S.W.2d 489, 491 (Tex. 1993). Still,

4

No. 15-11035

the mere fact that the legislature has enacted a law addressing a subject does not mean the subject matter is entirely preempted. *Id.* Rather, "[a] general law and a city ordinance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached." *Id.* Thus, "if the Legislature decides to preempt a subject matter normally within a home-rule city's broad powers, it must do so with 'unmistakable clarity.'" *S. Crushed Concrete*, 398 S.W.3d. at 678 (citing *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002)). Further, "if the limitations arise by implication, the provisions of the law must be 'clear and compelling to that end.'" *City of Coll. Station v. Turtle Rock Corp.*, 680 S.W.2d 802, 807 (Tex. 1984) (providing that a statutory enumeration of powers is not to "be construed as an implied limitation on home rule powers").

In the recent case of *Laredo Merchants Ass'n v. City of Laredo*, a Texas appellate court addressed the unmistakable clarity rule in the context of a home-rule city ordinance that purportedly conflicted with part of the Solid Waste Disposal Act. No. 04-15-00610-CV, 2016 WL 4376627 (Tex. App.—San Antonio Aug. 17, 2016). There, the court was tasked with deciding whether Section 361.0961 of the Code preempted a checkout bag ordinance enacted by the home-rule city of Laredo that prohibited merchants in commercial establishments from providing paper or plastic "one-time-use" checkout bags to customers. *Id.* at *1. Section 361.0961 provides:

> (a) A local government or other political subdivision may not adopt an ordinance, rule, or regulation to:
>
>> (1) prohibit or restrict, for solid waste management purposes, the sale or use of a container or package in a manner not authorized by state law[.]

Tex. Health & Safety Code Ann. § 361.0961. In considering this statutory language to be unmistakably clear, the court explained:

5

No. 15-11035

> By its plain language, section 361.0961 specifically addresses a particular subject matter—the sale or use of containers or packages for solid waste management purposes—and is unmistakably aimed at prohibiting local governments from enacting certain ordinances. By prohibiting the adoption of an ordinance prohibiting or restricting that particular subject matter, section 361.0961 unmistakably limits a local government's police powers[.]

*Laredo Merchs.*, 2016 WL 4376627, at *5 (alterations, citations, and internal quotation marks omitted). The court concluded that the language in Section 361.0961 clearly preempted the checkout bag ordinance. *Id.* at *5, *7 ("[W]e hold the Ordinance is inconsistent with section 361.0961 of the Act and therefore unenforceable as a matter of law." (citation omitted)).

Here, Republic argues that the district court erred in similarly concluding that the language in Section 364.034(h) of the Code conveyed the legislature's clear intent to abrogate the City's home-rule authority to enter into an exclusive contract for solid waste disposal services to a construction project. We agree.

Neither party disputes that San Angelo is a home-rule city deriving its broad powers of self-government from the Texas constitution, and thus, any limitation by the legislature on those powers must be imposed with unmistakable clarity. Tex. Const. art. XI, § 5; *S. Crushed Concrete*, 398 S.W.3d. at 678. It is true that Section 364.034(a) of the Code provides that a "public agency"[4] or county may enter into an exclusive contract for solid waste disposal services and, further, that subsection (h) limits the scope of subsection (a) by indicating that it does not apply to construction projects. Tex. Health & Safety Code Ann. § 364.034(a),(h). However, because the City's home-rule authority

---

[4] Section 364.003(3) provides: "Public agency means a district, municipality, regional planning commission created under Chapter 391, Local Government Code, or other political subdivision or state agency authorized to own and operate a solid waste collection, transportation, or disposal facility or system." Tex. Health & Safety Code Ann. § 364.003(3).

to enter into an exclusive contract for waste disposal services is inherent, and not derived from Chapter 364 or any other part of the Code,[5] the language in subsection (h) limiting the scope of the general grant of authority conferred by subsection (a) is immaterial. *Id.* At most, the City's inherent authority to enter into exclusive contracts of this kind is merely supplemented by subsection (a)'s language providing the same authority to public agencies and counties and remains intact regardless of subsection (h)'s limiting language. *Id.* This is not to say that the legislature could not limit the City's home-rule authority to enter into an exclusive contract for the disposal of construction waste if it chose to do so with unmistakable clarity. But if the legislature were to limit the City's authority in this respect, it would do so independently of any general grants of authority bestowed by the Code since a home-rule city does not look to the Code or other legislative acts for grants of power, only for limitations on its power. *S. Crushed Concrete,* 398 S.W.3d at 678.

Moreover, as Republic points out, subsection (f)—which employs very different language from subsection (h)—*does* indicate an unmistakably clear legislative intent to limit the City's home-rule authority. There, the statutory language clearly and unmistakably limits the City's home-rule authority to restrict the rights of other entities to contract for the removal of grease, grit, lint, and sand trap waste. Tex. Health & Safety Code Ann. § 364.034(f) ("Notwithstanding the other provisions of this section . . . a county or a municipality [] may not restrict the right of an entity to contract with a licensed waste hauler for the collection and removal of domestic septage or of grease trap waste, grit trap waste, lint trap waste, or sand trap waste."). Unlike the

---

[5] Chapter 363 of the Code is short-titled the "Comprehensive Municipal Solid Waste Management, Resource Recovery, and Conservation Act" and also provides municipalities and counties with the authority to contract for solid waste disposal services. *Id.* §§ 363.001, 363.117(4).

language in subsection (h), the language in subsection (f) operates independently of any general grant of authority conferred by the Code and reads similarly to the language construed as unmistakably clear legislative intent in *Laredo Merchants*. *See Laredo Merchs.*, 2016 WL 4376627, at \*5 (citing Tex. Health & Safety Code Ann. § 361.0961) ("A local government . . . may not adopt an ordinance . . . to . . . prohibit or restrict, for solid waste management purposes, the sale or use of a container or package in a manner not authorized by state law[.]"); *S. Crushed Concrete*, 398 S.W.3d at 679 (holding that a statute stating that "a city ordinance 'may not make unlawful a condition or act approved or authorized under [the Act] or the [C]ommission's rules or orders'" was unmistakably clear); *cf. Quick v. City of Austin*, 7 S.W.3d 109, 122–23 (Tex. 1998) (reasoning that silence will not be construed as unmistakably clear legislative intent to limit a home-rule city's authority on an issue). In contrast, the language in subsection (h) is not unmistakably clear in this regard and, at best, appears to only define the limitations of the section itself—as opposed to the City's limitations. *See* Tex. Health & Safety Code Ann. § 364.034(h) ("*This section does not apply* to a private entity that contracts to provide temporary solid waste disposal services to a construction project." (emphasis added)).[6]

---

[6] The record reveals that the district court and both parties—with good reason—indicated uncertainty as to what effect, if any, subsection (e) has on subsection (h). *See* Tex. Health & Safety Code Ann. § 364.034(e). Subsection (e) provides in relevant part that "[n]othing in this section shall limit the authority of a public agency, including a county or a municipality, to enforce its grant of a franchise or contract for solid waste collection and transportation services within its territory." *Id.* It is unclear if all or only part of subsection (e) is removed from the purview of subsection (h). *Id.* However, because the effect of subsection (e) on subsection (h) is not dispositive to our holding on appeal, we decline to decide the issue today. *Id.*

No. 15-11035

In light of these reasons, we hold that the language in Section 364.034(h) fails to indicate with unmistakable clarity that the legislature intended to restrict a home-rule city's authority to enter into an exclusive contract for solid waste disposal services to a construction project. *See S. Crushed Concrete*, 398 S.W.3d at 678. Accordingly, we hold that the district court erred in granting Texas Disposal's Rule 12(b)(6) motion to dismiss.

## IV. CONCLUSION

The part of the district court's order granting Defendant-Appellee's Rule 12(b)(6) motion to dismiss is reversed and the part of the order denying as moot Plaintiff-Appellant's motion for summary judgment is vacated. The case is remanded for further proceedings consistent with this opinion.