**AFFIRM in Part, REVERSE in Part, and REMAND; Opinion Filed September 13, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01476-CV

### THE CAPITOL LIFE INSURANCE CO., Appellant
### V.
### LINDA S. NEWMAN, METLIFE INVESTORS GROUP, INC., METLIFE INSURANCE COMPANY USA, AMERICAN GENERAL LIFE INSURANCE COMPANY, Appellees

On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-15-01615

## MEMORANDUM OPINION ON REHEARING
Before Chief Justice Wright, Justice Fillmore, and Justice Schenck
Opinion by Justice Schenck

Before the Court are Capitol Life Insurance Company's August 6, 2018 motions for rehearing as to MetLife Investors Group, Inc., MetLife Insurance Company USA, and American General Life Insurance Company. We deny the motions. On our own motion, we withdraw our opinion issued on June 21, 2018, and vacate our judgment of that same date. The following is now the opinion of the Court.

The Capitol Life Insurance Company ("Capitol") appeals the trial court's decisions to grant summary judgments in favor of policyholder Linda S. Newman; third-party administrators MetLife Investors Group, Inc. and MetLife Insurance Company USA[1]; and reinsurer American

---

[1] We refer to these two entities collectively as "MetLife."

General Life Insurance Company ("AGL"). Capitol urges the trial court erred in granting summary judgment in favor of Newman and impliedly denying its cross-motion for summary judgment because (1) Newman's claims are barred by limitations, or at least a fact issue exists as to whether they are barred; (2) there is a fact issue as to whether Newman even had a policy in force at the time she demanded payment; and (3) Newman failed to prove her damages. Capitol argues the trial court erred in granting no-evidence summary judgment in favor of AGL and MetLife because Capitol brought sufficient evidence to support its claims. We reverse the trial court's judgment granting summary judgment in favor of Newman and remand the cause to the trial court for further proceedings. We affirm the trial court's orders granting summary judgment in favor of AGL and MetLife. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Capitol is a life insurance company formed and domiciled under the laws of Colorado. In 1973, Capitol entered into a third-party administrative services agreement (the "TPA") with MetLife's predecessor in interest. Under the TPA, MetLife contracted to administer and keep and maintain all necessary records of all annuity contracts issued before 1985 by Capitol. In 1985, Capitol entered into an assumption reinsurance agreement (the "reinsurance agreement") with AGL's predecessor in interest. Under the reinsurance agreement, AGL contracted to reinsure certain fixed annuity contracts and certificates as of January 31, 1985. Under the reinsurance agreement, AGL agreed to defend and indemnify Capitol against claims regarding the specified policies. Both the TPA and the reinsurance agreements are governed by Colorado law. In 2004, Capitol was re-domesticated to the State of Texas.

In 2008, Newman began contacting Capitol, MetLife, the New York Insurance Department, the New Jersey Department of Banking and Insurance, and the Texas Department of

Insurance, asserting that in 1978 she had invested in a life insurance annuity policy, which she believed had already or would soon mature. MetLife responded that after searching their records, they had not located anything to indicate Newman's annuity was active or had any benefits due. Newman continued making inquiries regarding her annuity policy in 2009 and 2010.

In May 2010, Newman wrote to MetLife, stating that she had "tried to collect, but have been unable to do so. . . . I am tendering the policy for payment." MetLife responded that "[a]s stated in previous correspondence, MetLife Investors has been unable to locate any record of this annuity contract." In August 2012, counsel for Newman wrote on her behalf to Capitol, stating "Demand is hereby made for the return of Ms. Newman's $50,000 annuity premium . . . or full and immediate payment of all amounts due under Ms. Newman's annuity . . . ."

In May 2014, Newman sued Capitol in a New York federal court, asserting a breach of her annuity. On September 16, 2014, the federal court dismissed Newman's case for want of personal jurisdiction. On February 10, 2015, Newman filed suit against Capitol in Texas for breach of contract, conversion, unjust enrichment, bad faith, violations of the deceptive trade practices act, and deceptive insurance practices. Capitol notified AGL of Newman's claims, but AGL refused to defend or indemnify Capitol or pay Newman's claim. In April 29, 2015, Capitol filed third-party claims against AGL and MetLife for breach of contract.

The parties all filed motions for summary judgment. The trial court (1) granted summary judgment in favor of Newman on her claim for breach of contract and certain of Capitol's affirmative defenses; (2) granted summary judgment against Newman on her tort claims; (3) granted summary judgment in favor of AGL; and (4) granted summary judgment in favor of MetLife. The trial court entered a final judgment in accordance with its summary rulings.

DISCUSSION

## I.    Summary Judgment for Newman

In its first issue, Capitol urges the trial court erred in granting traditional summary judgment in favor of Newman on her breach of contract claim and in denying its motion for traditional summary judgment because Newman's claim was barred by limitations.  According to Capitol, Newman's May 11, 2010 letter to MetLife tendered her annuity for payment, and constituted a surrender, requiring payment to be made within six months of that date.  MetLife responded to Newman by May 26, 2010, denying having any record of Newman's annuity.  Thus, Capitol argues, limitations on Newman's claim for breach of contract began to run by November 26, 2010, and Newman was required to bring suit against Capitol within four years.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.  Although Newman did file suit in federal court before November 26, 2014, that suit was dismissed on September 23, 2014.  Texas law suspends the running of the applicable statute of limitations between the date of filing an action in a trial court and the date of a second filing of the same action in a different court, so long as the action is commenced in the second court no later than the 60th day after the date the dismissal becomes final.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.064.  Newman did not file this suit until February 10, 2015, nearly five months after the federal court signed its dismissal order.

Newman concedes the statute of limitations on her claim is four years.  However, she argues the May 10, 2010 letter was not a demand, but even if it were and MetLife's response communicated its anticipatory repudiation of any obligations under Newman's annuity, she had the option to sue at that time or to wait until the time for performance to occur before suing and limitations began to run.

Newman moved for traditional summary judgment on her breach-of-contract claim.  Capitol filed a combined response and cross-motion for traditional summary judgment on the

–4–

affirmative defense of limitations. Because summary judgment is a question of law, a trial court's summary judgment decision is reviewed de novo. *Learners Online, Inc. v. Dallas Indep. Sch. Dist.*, 333 S.W.3d 636, 640 (Tex. App.—Dallas 2009, no pet.). The standard of review for a traditional summary judgment motion pursuant to Texas Rule of Civil Procedure 166a(c) is threefold: (1) the movant must show there is no genuine issue of material fact and he is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed, material fact issue precluding summary judgment, we must take as true evidence favorable to the non-movant; and (3) we must indulge every reasonable inference from the evidence in favor of the non-movant and resolve any doubts in the non-movant's favor. *See id.* (citing TEX. R. CIV. P. 166a(c)). When both parties move for summary judgment and the trial court grants one motion and denies the other, as here, we review both sides' summary judgment evidence and render the judgment the trial court should have rendered. *S. Crushed Concrete, LLC v. City of Houston*, 398 S.W.3d 676, 678 (Tex. 2013).

A surrender clause that permits the insured to cancel the policy at his discretion is an irrevocable continuing offer from the company. *Taylor v. Bonilla*, 801 S.W.2d 553, 560 (Tex. App.—Austin 1990, writ denied). The offer becomes binding when the insured unconditionally accepts it. *Id.* In the insurance context, just as with other types of contracts, a counteroffer that differs in any material respect from the original offer does not constitute an acceptance of the original offer. *Id.* Neither party is bound to any action until and unless the counteroffer is accepted. *Id.*

Review of Newman's annuity reveals Newman had several options she could exercise. She could wait until the certificate anniversary closest to her 75th birthday (2025) to begin receiving monthly payments of $2,273.15 for a period of 20 years. However, if Newman died before that

time, she would only receive the value of her account as a death benefit. She could choose to surrender her certificate for the surrender value as defined by the annuity. Newman could also elect to change the annuity date, request an optional form of settlement, request Capitol begin making monthly annuity payments, or demand that she immediately be paid the minimum guaranteed payments set forth in the annuity.

In her May 2010 letter, Newman stated as follows:

> I Invested In a Capital Life Insurance Annuity in 1978, in New York City, with Shearson Hayden Stone. I have tried to collect, but have been unable to do so, I understand the burden for a lost policy is on the policyholder. I can produce the actual original policy as proof of coverage, and I am tendering the policy for payment. Please refer to the attached copy of the policy with this letter for your reference.

> At this time I would like to request an official "Coverage Position Letter" from Metlife. If one cannot be furnished to me, I will retain counsel.

Summary judgment is rarely proper when the cause involves an issue inherently for the fact-finder, such as intent where the circumstances could support competing inferences. *Taylor*, 801 S.W.2d at 558; *see also Murray v. Cadle Co.*, 257 S.W.3d 291, 302 (Tex. App.—Dallas 2008, pet. denied) ("Issues of knowledge and intent are rarely appropriate for summary judgment."). From the language above, it is unclear whether Newman intended to surrender her policy by "tendering" it, or whether she sought to exercise another option under the policy, such as requesting an optional form of settlement or immediate payment of the minimum guaranteed payments set forth in the annuity.

Because there is a fact issue as to Newman's intent in sending the May 2010 letter, we cannot conclude that Newman conclusively established limitations did not bar her claim, or that Capitol conclusively established that limitations barred Newman's claim for breach of contract.

Accordingly, we sustain Capitol's first issue as to summary judgment on Newman's breach of contract claim and overrule Capitol's first issue as to its limitations defense. In light of our

disposition of this issue, we need not address Capitol's remaining arguments related to Newman. *See* TEX. R. APP. P. 47.4.

## II. Summary Judgment for AGL

In its second issue, Capitol urges the trial court erred in granting summary judgment in favor of AGL. AGL filed a no-evidence motion for summary judgment against Capitol on its sole claim against AGL for breach of contract. In that motion, AGL set forth the elements of a breach of contract claim, admitted Capitol had provided evidence of the reinsurance agreement with AGL's predecessor in interest, but argued Capitol had failed to provide sufficient evidence for "any of the other elements" of its claim.

In its motion for rehearing, Capitol asserts that AGL's no-evidence motion was insufficient to support summary judgment under the supreme court's authority of *Community Health Systems Professional Services Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017). The *Hansen* court held that a no-evidence motion that lists each element of the plaintiff's claim and then asserts that the plaintiff has no evidence to support "one or more" or "any of" those elements is insufficient to support summary judgment because this language does not clearly identify which elements, whether some or all, are challenged. *Id.* at 695–96. Indeed, the underlying purpose of requiring specificity in challenging the evidentiary support for an element of a claim or defense is to provide the opposing party with adequate information for opposing the motion and to define the issues for the purpose of summary judgment. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009). We conclude AGL's motion was sufficient because it clearly conceded the element of the existence of a contract and challenged the remaining enumerated elements of performance, breach, and damages. We now address whether the trial court's grant of summary judgment may be affirmed on one of the challenged elements.

We will affirm a no-evidence summary judgment unless the non-moving party brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact on each challenged element of his cause of action. *Adams v. Oncor Elec. Delivery Co., L.L.C.*, 385 S.W.3d 678, 681 (Tex. App.—Dallas 2012, no pet.).

The reinsurance agreement is governed by Colorado law, which requires proof of the following elements to support a claim for breach of contract: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Capitol urges the record reflects it performed under the reinsurance agreement because there is evidence the reinsurance agreement was amended, which Capitol argues would not have occurred if it had not performed. We cannot conclude the amendment constitutes more than a scintilla of probative evidence to raise a genuine issue of material fact as to whether Capitol performed under the reinsurance agreement. *See LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 689 (Tex. 2006) (holding of summary judgment in favor of defendant proper where plaintiff's failed to raise evidence on one element of plaintiff's claim). Accordingly, we overrule Capitol's second issue.

## III.  Summary Judgment for MetLife

In its third issue, Capitol urges the trial court erred in granting summary judgment in favor of MetLife. MetLife filed a no-evidence motion for summary judgment against Capitol on its sole claim against MetLife for breach of contract. In that motion, MetLife admitted Capitol had provided evidence of the TPA with MetLife's predecessor in interest, but argued Capitol had failed to provide sufficient evidence for any of the remaining elements of its claim.

The TPA, like the reinsurance agreement, is governed by Colorado law, which—as discussed above—requires proof of the following elements to support a claim for breach of

–8–

contract: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *Diodosio*, 841 P.2d at 1058.

In its reply brief and in its motion for rehearing, Capitol urges that MetLife's motion failed to specifically allege that Capitol had no evidence that it performed under the TPA. Similarly to AGL's no-evidence motion, MetLife's no-evidence motion set forth the elements of a breach of contract claim and argued that "Capitol Life, who bears the burden of proof on each element, can only prove one—the existence of the TPA." We conclude that MetLife's no-evidence motion was sufficient because it clearly conceded the element of the existence of a contract and challenged the remaining enumerated elements of performance, breach, and damages. *See Gish*, 286 S.W.3d at 311. We now address whether the trial court's grant of summary judgment may be affirmed on one of the challenged elements.

Capitol urges the record contains sufficient evidence to at least create a fact issue as to whether Capitol performed under the TPA. Capitol cites to MetLife's motion for summary judgment in which it stated "the TPA was still in force, as it is today" and urges the statement should be taken as a judicial admission that Capitol performed on the TPA. A judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001). However, we cannot conclude MetLife's statement is clear or unequivocal about whether Capitol performed under the TPA. *C.f. id.* (holding that statements from defendant's summary judgment pleadings that "Defendant accepts Plaintiff's argument that the note was accelerated . . . on August 15, 1994" conclusively established the acceleration date).

Capitol also points to exhibits to its own motion for summary judgment, which include letters from MetLife to Newman and to insurance regulatory authorities in which MetLife referenced the TPA. These letters establish Capitol and MetLife's predecessor had entered into the TPA and, at least, MetLife's partial performance under the TPA. However, we cannot conclude these letters constitute more than a scintilla of probative evidence to raise a genuine issue of material fact as to whether Capitol performed under the TPA. *See LMB, Ltd.*, 201 S.W.3d at 689 (holding of summary judgment in favor of defendant proper where plaintiff's failed to raise evidence on one element of plaintiff's claim). Accordingly, we overrule Capitol's third issue.

## CONCLUSION

We reverse the trial court's judgment granting summary judgment in favor of Newman and remand the cause to the trial court for further proceedings. We affirm the trial court's orders granting summary judgment in favor of AGL and MetLife.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

161476F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE CAPITOL LIFE INSURANCE CO.,
Appellant

No. 05-16-01476-CV     V.

LINDA S. NEWMAN, METLIFE
INVESTORS GROUP, INC., METLIFE
INSURANCE COMPANY USA,
AMERICAN GENERAL LIFE
INSURANCE COMPANY, Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-01615.
Opinion delivered by Justice Schenck;
Chief Justice Wright and Justice Fillmore
participating.

In accordance with the Court's opinion of this date, we **VACATE** our June 21, 2018 judgment. This is now the judgment of the Court.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** the trial court's judgment granting summary judgment in favor of LINDA S. NEWMAN. We **AFFIRM** the trial court's orders granting summary judgment in favor of METLIFE INVESTORS GROUP, INC., METLIFE INSURANCE COMPANY USA, and AMERICAN GENERAL LIFE INSURANCE COMPANY. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

Judgment entered this 13th day of September, 2018.