# COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO.  03-24-00436-CV

**Alice Byrd, Appellant**

**v.**

**Nationstar Mortgage, LLC, Appellee**

### FROM THE 207TH DISTRICT COURT OF HAYS COUNTY
### NO. 22-0069, THE HONORABLE JOE POOL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw the opinion and judgment issued on July 2, 2025, and substitute the following memorandum opinion and judgment in their place.  We grant in part and deny in part appellant's amended motion for rehearing.  The motion for en banc reconsideration is moot.

In this foreclosure case, Alice Byrd appeals the trial court's judgment granting Nationstar Mortgage, LLC's traditional and no-evidence motion for summary judgment and denying Byrd's traditional motion for summary judgment.  We will reverse and remand.

## BACKGROUND

Byrd purchased her home in Buda in February 2014 with the assistance of a 30-year mortgage from Cornerstone Home Lending.  She also executed a deed of trust that encumbered the home and secured the note's repayment.  Cornerstone Home Lending assigned her mortgage

to Lakeview Loan Servicing LLC, which currently holds the deed of trust. Nationstar services Byrd's mortgage.

In 2015, Byrd became sick, lost her primary employment, and stopped making the required monthly mortgage payments on her home. Byrd has not made a mortgage payment since January 2016.

After a six-month forbearance period and advising Byrd of her default, Lakeview accelerated the note in May 2017 and set a foreclosure sale for June 2017. Byrd sued Lakeview and her previous mortgage servicer, Cenlar FSB, to stop the foreclosure, asserting claims for breach of contract, violations of the federal Fair Debt Collection Practices Act, and violations of the Texas Deceptive Trade Practices Act. Byrd secured injunctive relief that halted the June 2017 foreclosure sale. But a federal district court ultimately granted summary judgment in favor of Lakeview and Cenlar, which the Fifth Circuit later affirmed. *See Byrd v. Lakeview Loan Servicing, L.L.C.*, 855 F. App'x 187, 189 (5th Cir. 2021) (per curiam).

In September 2021, shortly after Nationstar became Byrd's mortgage servicer, Nationstar notified Byrd that she was delinquent on her mortgage loan. Nationstar demanded that Byrd pay the overdue amount of $129,429.26 by December 22, 2021, and warned her that if she did not pay that amount, Nationstar would "accelerate the entire sum of both principal and interest due and payable, and invoke any remedies provided for in the Note and Security Instrument, including but not limited to the foreclosure sale of the property."

Byrd did not make the requested payment and instead filed this suit against Nationstar in January 2022. She argued that the lien on her home is void because Cenlar, Nationstar's predecessor, did not foreclose on the property within four years of accelerating the note. Specifically, Byrd contended that Cenlar's May 2017 notice of acceleration had not been

2

abandoned, and because four years had passed since that acceleration date, the limitations period had lapsed such that any attempt to foreclose would be time barred. *See* Tex. Civ. Prac. & Rem. Code § 16.035 (providing four-year statute of limitations for both judicial foreclosure and foreclosure under power of sale in security instrument). Byrd sought declaratory judgment, plus attorney's fees, and she asserted a quiet-title claim based on the same argument.

Nationstar answered with a general denial and affirmative defenses and, shortly after, filed a hybrid motion for traditional and no-evidence summary judgment. In its motion, Nationstar maintained that the statute of limitations has not expired because limitations was tolled during Byrd's earlier lawsuit for at least 1,405 days. Nationstar also contended that the May 2017 acceleration was abandoned effective May 17, 2018, when Cenlar sent a monthly statement seeking payment of less than the fully accelerated amount and thus restored the note's original maturity date for accrual purposes. Further, Nationstar argued that Byrd's claims must fail because she has not tendered the full amount due on the note, she has not presented evidence that her property is affected by a claim by Nationstar or that Nationstar has an invalid or unenforceable claim, such that she lacks any evidence supporting her quiet-title claim or requested declaratory relief. The evidence Nationstar attached in support of its summary-judgment motion included the note and deed of trust, the assignment and servicing transfer history, detailed transaction history, the temporary restraining order preventing the June 2017 foreclosure sale, Byrd's amended complaint and application for injunctive relief following removal to federal court, the federal district court's order granting Lakeview and Cenlar summary-judgment relief, and the Fifth Circuit's opinion affirming that judgment.

Byrd opposed Nationstar's summary-judgment motion and moved for partial summary judgment on her declaratory-judgment and quiet-title claims, in which she reiterated the

3

arguments in her pleadings.[1]  Specifically, Byrd contended that her loan was continuously accelerated for more than four years, and she maintained that an August 31, 2021 letter from counsel stating that Cenlar abandoned acceleration effective May 17, 2018, purported to retroactively rescind acceleration after the limitations period ended and was ineffective to avoid the limitations period.  Byrd's summary-judgment evidence also included orders from the prior lawsuit, as well as the deed of trust, the May 2017 notice of acceleration, and mortgage statements from January 2018 through August 2021.  In response to Byrd's motion, Nationstar reasserted its own summary-judgment limitations arguments and also urged that limitations was tolled due to a March 18, 2020, through July 31, 2021, foreclosure moratorium on federally backed mortgages issued by the U.S. Department of Housing and Urban Development in response to COVID-19.  It attached as evidence the HUD moratorium and extension notices, as well as an affidavit from one of its officers attesting that Byrd's note is a federally backed mortgage.  Byrd objected to this evidence, but no ruling on that objection appears in the record.  In her reply brief, Byrd also urged that Nationstar failed to plead the affirmative defense of equitable tolling, specifically referencing Nationstar's tolling arguments regarding the previous lawsuit and the HUD moratorium.

After requesting supplemental briefing on equitable tolling and hearing both motions, the trial court denied Byrd's motion and granted Nationstar's, entering a final take-nothing judgment in Nationstar's favor.  Byrd appeals.

---

[1]  Byrd moved for summary judgment on her declaratory judgment and quiet title claims but reserved her attorney's fees issue.

## STANDARD OF REVIEW

We review the trial court's summary-judgment decision de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "'When both parties move for summary judgment and the trial court grants one motion and denies the other, as here, we review both sides' summary judgment evidence and render the judgment the trial court should have rendered.'" *BCCA Appeal Grp. v. City of Houston*, 496 S.W.3d 1, 7 (Tex. 2016) (quoting *Southern Crushed Concrete, LLC v. City of Houston*, 398 S.W.3d 676, 678 (Tex. 2013)). "Traditional summary judgment is proper when the movant establishes that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Id.* (citing Tex. R. Civ. P. 166a(c)).

## DISCUSSION

Byrd raises seven issues on appeal, which fall into three categories: equitable tolling (issues four through six), abandonment of acceleration (issues two and three), and the merits of her quiet title and declaratory judgment claims (issues one and seven).[2] Byrd generally argues that the trial court erred by granting Nationstar's motion for summary judgment on its affirmative defense that the statute of limitations for a foreclosure claim has not run due to either equitable tolling or abandonment of acceleration and that she is entitled to summary judgment on her claims.

A real-property lien can be foreclosed two different ways: judicial foreclosure and non-judicial foreclosure. Tex. Civ. Prac. & Rem. Code § 16.035(a–b). Judicial foreclosure occurs

---

[2] Byrd presents her appellate issues as follows:

(1) Is the non-moving party required to provide evidence of an element that is not an element of any cause of action in a no-evidence motion for summary judgment? Byrd

when a party successfully sues for recovery of real property under a real-property lien. *Id.* at (a).

Non-judicial foreclosure occurs when a party sells real property under a power of sale that was

created by a mortgage or deed of trust. *Id.* at (b). A secured lender seeking to foreclose under

either method must do so no later than four years after the day the cause of action accrues. *Id.*

at (a–b). Whether and when accrual occurs is a legal question. *Moreno v. Sterling Drug, Inc.*,

787 S.W.2d 348, 351 (Tex. 1990). When, as here, the note or deed of trust contains an

acceleration clause, the cause of action accrues, and the limitations period begins to run, when the

"holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*,

44 S.W.3d 562, 566 (Tex. 2001). It is undisputed that Byrd's note was accelerated on

May 10, 2017.

As to Nationstar's equitable-tolling arguments, Byrd argues as an initial matter that

Nationstar did not properly raise the tolling-of-limitations issue because it did not expressly plead

---

is not required to produce evidence Nationstar has a recorded interest in the Property to prevail on her causes of action.

(2) Does a mortgage statement identifying an amount required to cure a default (as the mortgagor has a right to do under the deed of trust) operate to abandon acceleration particularly when that statement reiterates the accelerated status of the loan with unambiguous text setting forth the accelerated amount due as of the date of the statement it is printed upon?

(3) Was the August 31, 2021 letter effective to retroactively abandon acceleration as of May 17, 2018?

(4) Did Nationstar waive the unplead[ed] affirmative defense of equitable tolling?

(5) Is Nationstar entitled to equitable tolling of limitations due to pending or prior litigation?

(6) Did Nationstar provide any competent evidence the loan was "a federally backed mortgage" or "guaranteed by the FHA, that being the Federal Housing Administration" to invoke any equitable tolling of limitations?

(7) Did the trial court err in denying Byrd's motion for partial summary judgment?

it as an affirmative defense. *See* Tex. R. Civ. P. 94 (requiring party to set forth "any . . . matter constituting an avoidance or affirmative defense"). Nationstar's original answer, which it does not appear to have amended, asserts various affirmative defenses, but tolling is not one of them.[3] Nonetheless, Nationstar's summary-judgment motion urged that the statute of limitations was equitably tolled during Byrd's prior suit, beginning on the date she filed her original petition, May 29, 2017, and ending on the date the Fifth Circuit issued its opinion affirming summary judgment in the defendants' favor, April 2, 2021. This argument relied on the "legal-impediment rule," arguing that its predecessor "waited for a final judicial determination" in Byrd's prior suit "to ensure that they would not wrongfully foreclose."[4] Byrd responded to the merits of this issue in her brief opposing Nationstar's summary judgment. But in response to Byrd's summary-judgment motion, Nationstar asserted another argument in support of its equitable-tolling issue: the federal government's foreclosure moratorium on federally backed mortgages due to COVID-19, which lasted from March 18, 2020, through July 31, 2021. In her reply brief, Byrd objected that Nationstar failed to plead equitable tolling and thus had waived the

---

[3] Specifically, Nationstar's answer states that Byrd's "claims are barred in whole or in part, or are subject to reduction, by the doctrines of res judicata; ratification; contributory negligence; recoupment; waiver; estoppel; payment; release; 'unclean hands;' failure to mitigate damages; statute of frauds; statutory protection and immunities; *in pari delicto*; fraud; illegality; and any other matter constituting an affirmative defense which may become apparent through the course of discovery."

[4] The legal-impediment rule provides that when "a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991) (quoting *Walker v. Hanes*, 570 S.W.2d 534, 540 (Tex. App.—Corpus Christi–Edinburg 1978, writ ref'd n.r.e.)). *But see Levinson Alcoser Assocs. v. El Pistolon II, Ltd.*, 670 S.W.3d 622, 629–30 (Tex. 2023) ("[T]he purported legal-impediment rule is limited to two circumstances: (1) where an injunction prevents a claimant from bringing the action . . . ; and (2) cases covered by *Hughes*"—that is, "attorney malpractice in the prosecution or defense of a claim that results in litigation[.]").

7

affirmative defense. Byrd also objected to this evidence on multiple grounds at the trial court and again objects to the evidence on appeal; however, the record does not establish that she preserved this complaint because she failed to obtain a ruling on these objections at the trial court. *See* Tex. R. App. P. 33.1(a)(2).

Generally, "affirmative defenses must be properly raised in pretrial pleadings." *MAN Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 136 (Tex. 2014) (citing Tex. R. Civ. P. 94). This rule promotes "fairness" and serves to "give the opposing party notice of the defensive issue to be tried." *Id.* However, even if an affirmative defense is not properly raised in a pretrial pleading, it still may be preserved or tried by consent. *See Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex. 1992) ("Rule 94's requirement of pleading is not absolute," including where defense "is apparent on the face of the petition and established as a matter of law."); *Big M Constr. Co. v. Machinery Transp., Inc.*, No. 12-00-00368-CV, 2001 WL 1153477, at *2 (Tex. App.—Tyler Sept. 28, 2001, no pet.) (mem. op.) ("Trial by consent is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried the unpleaded issue." (citing *Mastin v. Mastin*, 70 S.W.3d 148, 154 (Tex. App.—San Antonio 2001, no pet.))); *see also* Tex. R. Civ. P. 67 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991) ("[A]n unpleaded affirmative defense may also serve as the basis for a summary judgment when it is raised in the summary judgment motion, and the opposing party does not object to the lack of a rule 94 pleading in either its written response or before the rendition of judgment.").

While Byrd initially opposed Nationstar's tolling issue on the merits, the record establishes that she raised the pleading defect before the trial court decided the cross-motions for

8

summary judgment. *See Roark*, 813 S.W.2d at 495 ("The party who allows an issue to be tried by consent and who fails to raise the lack of a pleading *before submission of the case* cannot later raise the pleading deficiency for the first time on appeal." (emphasis added)); *see also DeGomez v. Haworth*, No. 03-23-00057-CV, 2024 WL 3207505, at *5 (Tex. App.—Austin June 28, 2024, pet. denied) (mem. op.) (determining trial court erred by granting summary judgment on limitations when nonmovant objected to pleading defect after the summary-judgment hearing but before trial court decided motion). Nationstar did not amend its pleadings. In its appellee's brief, Nationstar maintains that it was not required to plead tolling because Rule 94 does not specifically identify it as an affirmative defense, but Rule 94 contemplates that a party "shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense."

Here, Byrd's claims rely on the premise that the four-year limitations period to bring a foreclosure action under section 16.035 has passed. *See* Tex. Civ. Prac. & Rem. Code § 16.035. Nationstar's tolling arguments seek an "avoidance or affirmative defense" to that result that is not apparent from the face of Byrd's petition or an argument in support of an affirmative defense asserted in its answer. *See* Tex. R. Civ. P. 94; *Godoy v. Wells Fargo Bank, N.A.*, 575 S.W.3d 531, 536 (Tex. 2019) (defining "affirmative defense" as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true" and "avoidance" as "a plea in which a defendant admits allegations but pleads additional facts that deprive the admitted facts of an adverse legal effect"); *cf. id.* (concluding defendant's contractual-invalidity argument was not affirmative defense but argument in support of pleaded limitations defense). Thus, under Rule 94, Nationstar was required to raise tolling as an affirmative defense in a pleading. *See* Tex. R. Civ. P. 94; *Akinwamide v. Transportation Ins.*, No. 14–02–00582–CV, 2003 WL 21025885, at *2 (Tex. App.—Houston [14th Dist.] May 8, 2003,

9

pet. denied) (mem. op.) (acknowledging "tolling affirmative defense to limitations"); *see also SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995) ("[P]leadings must give reasonable notice of the claims asserted."). Because Byrd objected to the variance between Nationstar's pleading and its summary-judgment briefing before the trial court decided the motion, she was not required to rebut Nationstar's tolling arguments. *See Roark*, 813 S.W.2d at 495; *MedStar Funding, LC v. Willumsen*, 650 S.W.3d 809, 813 (Tex. App.—Houston [14th Dist.] 2022, no pet.) ("A summary judgment movant does not have a burden to develop summary judgment evidence and present argument addressing unpleaded claims."), *opinion supplemented on denial of reh'g*, 651 S.W.3d 569 (Tex. App.—Houston [14th Dist.] 2022, no pet.); *see also Rice v. Louis A. Williams & Assocs.*, 86 S.W.3d 329, 342 (Tex. App.—Texarkana 2002, pet. denied) ("A movant for summary judgment has the burden of negating the applicability of a tolling provision raised by his or her opponent.").

To the extent the trial court granted Nationstar summary judgment and denied Byrd summary judgment on this ground, that was error, and we sustain Byrd's issue on this point.

Byrd also challenges Nationstar's abandonment-of-acceleration argument, in which Nationstar maintains that, even absent equitable tolling, its predecessor abandoned acceleration of the note such that its original maturity date was restored for accrual purposes and limitations on a foreclosure claim has not run.

After a note holder exercises its option to accelerate, the note holder can unilaterally abandon acceleration by notice of recission, accepting payment without exercising any of the remedies available to it upon default, or by other actions. *See Brannick v. Aurora Loan Servs., LLC*, No. 03-17-00308-CV, 2018 WL 5729104, at *2 (Tex. App.—Austin Nov. 2, 2018, pet. denied) (mem. op.) (citing *Wolf*, 44 S.W.3d at 566–67); *accord Graham v. LNV Corp.*,

No. 03-16-00235-CV, 2016 WL 6407306, at *3 (Tex. App.—Austin Oct. 26, 2016, pet. denied) (mem. op.). The effect of the abandonment is to restore the note's original maturity date which, in turn, resets the statute of limitations. *Brannick*, 2018 WL 5729104, at *2 (citing *Wolf*, 44 S.W.3d at 567). Texas courts have analyzed abandonment of acceleration by reference to traditional principles of waiver. *See Graham*, 2016 WL 6407306, at *3 (collecting cases). The elements of waiver are: (1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right or conduct inconsistent with that right. *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). "Waiver . . . can occur either expressly, through a clear repudiation of the right, or impliedly, through conduct inconsistent with a claim to the right." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015); *accord Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015).

In its summary-judgment motion, Nationstar pointed to its predecessor's May 17, 2018 loan statement sent to Byrd, which states that the "Total Amount Due as of 05/17/18" is $56,991.54. Underneath that amount, the statement reads: "This is the amount to reinstate your loan as of 05/17/18 and must be received in the form of certified funds." The statement also reflects the "Total Accelerated Amount Due as of 05/17/18" is $270,508.75, and a maturity date of March 2044. The delinquency notice on the statement notes: "You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 05/17/2018 you are 836 days delinquent on your mortgage loan. Effective 05/15/17, a foreclosure action was initiated." After noting the recent account history—unpaid balances from December 1, 2017, through May 1, 2018—the statement again states that the total amount due is $56,991.54, and "You must pay this amount to bring your loan current."

11

The mortgage payment coupon attached to the statement also listed the amount due as $56,991.54, which was calculated based on a past-due amount of $50,558.18, unpaid late charges of $382.02, and $4,061.56 in "other fees."[5]

Nationstar's summary-judgment evidence also included an August 31, 2021 letter from counsel to Byrd stating that the "letter serves as formal notice under Texas Civil Practice and Remedies Code section 16.038 that the acceleration of [Byrd's] debt under the Note was abandoned effective 2018," as well as November 2021 correspondence from Nationstar to Byrd after Nationstar acquired Byrd's loan, which asserted Nationstar's intent to accelerate the loan. But these letters were sent in 2021—after the four-year limitations period ended, even accounting for 28 days of tolling—and thus provide little insight into Nationstar's predecessor's intent to abandon acceleration or not in 2018. *See Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Long Beach Mortgage Loan Tr. 2003-1, Asset-Backed Certificates, Series 2003-1 v. Gladle*, No. A-19-CV-613-LY-ML, 2021 WL 5190879, at *4 (W.D. Tex. July 6, 2021), *report and recommendation adopted*, No. 1:19-CV-613-LY, 2021 WL 5195093 (W.D. Tex. July 27, 2021) (noting that notices of default and acceleration sent in 2018 provided "little insight" into note holder's intent to abandon 2006 acceleration).

"[T]he Texas Supreme Court has not yet answered whether abandonment is established as a matter of law by a post-acceleration mortgage statement requesting partial payment of the note." *Swoboda v. Ocwen Loan Servicing, LLC*, 579 S.W.3d 628, 634 (Tex. App.—Houston [14th Dist.] 2019, no pet.). This Court has previously applied the Fifth's Circuit *Erie* guess in *Boren* as to whether, under Texas law, a lender's statement that it will accept payment of

---

[5] Nationstar does not explain why the May 17, 2018 statement is unique, as monthly statements issued to Byrd before and after it share the same characteristics described above.

less than the full accelerated amount constitutes conclusive evidence of abandonment of an earlier acceleration when the borrower has not made an additional payment. *See Brannick*, 2018 WL 5729104, at *3, (citing *Boren*, 807 F.3d at 106); *Laguette v. U.S. Bank, N.A. as Tr. for Holders of Specialty Underwriting & Residential Fin. Tr., Mortgage Loan Asset-Backed Certificates, Series 2006-BC4*, No. 03-19-00042-CV, 2020 WL 1908314, at *3 (Tex. App.—Austin Apr. 17, 2020, no pet.) (citing *Brannick*, 2018 WL 5729104, at *3).

But in both *Boren* and this Court's cases following its logic, the note holder sent the borrower correspondence that (1) demanded payment of past due amounts and not the full accelerated amount, and (2) stated that if the borrower did not pay the demanded amount, then the maturity of the note would be accelerated. *See Pitts v. Bank of New York Mellon Tr. Co.*, 583 S.W.3d 258, 264 (Tex. App.—Dallas 2018, no pet.) (discussing *Boren* and Texas cases applying its reasoning). For example, in *Boren*, the note holder notified the borrowers that they "could bring their loan current by submitting the amount of their past due monthly payments—rather than the full balance of the loan—and provided that the bank *would* accelerate the loan if the Borens failed to cure this arrearage within forty-five days." 807 F.3d at 104. In *Brannick*, the note holder sent the borrower two letters. 2018 WL 5729104, at *3. The first informed the borrower that it was the new servicer of his note, stated the total amount of debt, requested payment of a lesser sum, and informed him that it believed he "may be experiencing a financial hardship" and that it had "modifications programs or other workout solutions" that could assist him. *Id.* The second notified the borrower he was in default, gave him an opportunity to cure by paying an amount less than the full amount due, and informed him of its "conditional intent to accelerate the Note and make 'the entire sum of both principal and interest due and payable' if he failed to cure the default." *Id.* And in *Laguette*, the note holder's notice:

13

> stated that the loan was in default; that Laguette owed about $264,000 in missed payments; that he had 'the right to cure'; that he could cure by paying $268,373.37 (the missed payments plus late charges and costs) by May 27, 2011; and that if the default was not cured by that date, 'the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time.' The letter also informed Laguette of 'various options that may be available to you . . . to prevent a foreclosure sale of your property,' such as a repayment plan or loan modification.

*Laguette*, 2020 WL 1908314, at *3.

Here, the May 17, 2018 statement requested that Byrd pay less than the full accelerated amount to "reinstate" the loan, so it is some evidence that Nationstar's predecessor abandoned the previous acceleration. But that statement did not state that the note "would be accelerated" if Byrd failed to pay the requested amount. "Language stating that the loan *would be* accelerated is inconsistent with an earlier notice of acceleration and clearly establishes the noteholder's abandonment of the earlier acceleration because, if the noteholder intended to rely on the earlier notice of acceleration, it would not state that acceleration could occur in the future." *Pitts*, 583 S.W.3d at 265. Without this language, the May 17, 2018 statement lacks "one of the two bases for the Fifth Circuit's conclusion in *Boren* that the notices to the borrower conclusively established the noteholder's abandonment of an earlier acceleration." *Id.* And the delinquency notice on the statement notes that "[e]ffective 05/15/17, a foreclosure action was initiated," but did not indicate whether that action had been abandoned or any intent to abandon it. *See id.* at 266 ("Neither *Boren* nor the six Texas cases following it contained language that the loans were in the process of foreclosure when the noteholders sent the notices."); *see also Ernst v. Ocwen Loan Servicing, LLC*, No. 1:18-CV-428-RP, 2019 WL 7761444, at *6 (W.D. Tex. Nov. 22, 2019) (concluding note holder failed to conclusively establish abandonment of acceleration when monthly statements included language stating: "Our records indicate that your loan is in

14

foreclosure. Accordingly, this statement may be for informational purposes only." (citing *Pitts*, 583 S.W.3d at 266)).

Thus, the summary-judgment evidence does not establish as a matter of law whether Nationstar's predecessor had abandoned acceleration but instead raises a fact issue regarding whether it did. This conclusion is consistent with interpretation of similar facts on summary judgment in our sister courts and federal courts interpreting Texas law in this context. *See, e.g.*, *Pitts*, 583 S.W.3d at 267; *Sexton v. Deutsche Bank Nat'l Tr. Co. for GSAMP Tr. 2007-FM2, Mortgage Pass-Through Certificates, Series 2007-FM2*, 731 F. App'x. 302, 307 (5th Cir. 2018) (determining monthly statements seeking less than accelerated balance of note and giving borrowers opportunity to cure default but advising that "loan is in foreclosure" were "ambiguous, rather than unequivocal" of abandonment); *Hollenshead v. Bank of Am., N.A.*, No. 418CV00724ALMCAN, 2020 WL 4615096, at \*14 (E.D. Tex. May 19, 2020), *report and recommendation adopted*, No. 4:18-CV-724, 2020 WL 3496335 (E.D. Tex. June 29, 2020) ("Defendants' willingness to accept less than the full accelerated amount evinces an intent to abandon the 2009 Acceleration, but because the letter does not address acceleration, standing alone it . . . does not conclusively determine abandonment as a matter of law." (collecting cases)); *de la Cruz v. Bank of New York as Tr. of Certificateholders CWABS, Inc., Asset-Backed Certificates Series 2005-9*, No. A-17-CV-00163-SS, 2019 WL 7761446, at \*5 (W.D. Tex. Nov. 8, 2019) (concluding note holder offered some, but not conclusive, evidence of abandonment of acceleration when notice "does not state acceleration *will occur* if Plaintiff fails to bring the Note current"). To the extent the trial court's summary judgment for Nationstar was on this basis, that was error.

15

Byrd's remaining issues concern her quiet title and declaratory judgment claims. She maintains that the trial court should not have granted Nationstar's no-evidence motion for summary judgment and should have granted her traditional summary-judgment motion on these claims because she presented conclusive (let alone more than a scintilla of) evidence that she is entitled to judgment on these claims.

However, both of Byrd's claims rely on the conclusion that the four-year limitations period for foreclosure of a real property lien has expired. That is, her quiet-title claim relies on proof that Nationstar's claim that it can foreclose on her home is "invalid or unenforceable" because the four-year limitations period under section 16.035 has lapsed. And her declaratory judgment claim seeks various declarations that implicate the same conclusion, including that "the loan was accelerated and the acceleration was not abandoned nor rescinded until more than four years lapsed," and the August 2021 letter "seeking to retroactively rescind acceleration" is "ineffective" and "time barred."

We agree that Byrd offered some evidence in support of her claims, such that the trial court's order cannot rely on the no-evidence portion of Nationstar's hybrid summary-judgment motion. But because there is at least a fact issue on whether Nationstar's predecessor abandoned acceleration, the trial court correctly denied Byrd's summary-judgment motion.

**CONCLUSION**

Though the trial court correctly denied Byrd's motion for summary judgment, it erred by granting Nationstar's motion for summary judgment. We reverse and remand for proceedings consistent with this opinion.

16

_____

Rosa Lopez Theofanis, Justice

Before Justices Theofanis, Crump, and Ellis

Reversed and Remanded on Motion for Rehearing

Filed:   November 26, 2025